IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAY TURNER, ) | |
|        Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 15-829 |
| ) | Judge Fischer |
| MCCARTHY, BURGESS & WOLFF, ) | Magistrate Judge Mitchell |
|        Defendant. ) | |

I.    Recommendation

It is respectfully recommended that the motion for summary judgment filed on behalf of the defendant (ECF No. 44) be granted.

II.    Report

Plaintiff, Lashay Turner, brings this action against Defendant, McCarthy, Burgess & Wolff ("MBW"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA). Specifically, she alleges that Defendant called her repeatedly and continuously on her cell phone regarding a debt beginning around December 2014 and continuing through May 2015, that it called her an average of four to five times a day despite the fact that she disputed the debt and indicated that she would prefer to be contacted by email, that it called her after 9:00 p.m. and on her cell phone at work despite the fact that she stated that she was not permitted to receive personal calls at work, and that she was told that her wages would be garnished and legal action would be taken against her, actions which Defendant did not intend to take and/or could not have legally taken against her.

Presently before the Court is Defendant's motion for summary judgment. Plaintiff concedes to the dismissal of Counts I and IV of her Complaint, but disputes Defendant's arguments to dismiss Counts II and III. For the reasons that follow, the motion should be granted.

Facts

Plaintiff became delinquent on her Verizon cable bill. She admits that she owed the debt. (Turner Dep. 13-14, 25.)[1] Plaintiff began to receive calls from another collection agency collecting on the Verizon account in December of 2014, but she does not know the name of the company. (Turner Dep. 17-18.) In mid-April 2015, Plaintiff spoke with a female collector, but she did not know for what company she worked. (Turner Dep. 17, 29.) She told the female collector to call her on Monday, so that she could pay. She asked the collector to call her before she went to work. (Turner Dep. 19.) She did not recall the female collector's name. (Turner Dep. 19.)

The next day, she received a call from a male collector. (Turner Dep. 20.) Plaintiff told the male collector to stop calling her. After this conversation, she received two or three more calls. (Turner Dep. 28-30.)[2] Defendant indicates that no male collector from MBW called Plaintiff at any time. (Rossman Aff. ¶¶ 8-9.)[3]

Plaintiff does not know the month that the calls stopped. (Turner Dep. 19.) She does not know the name of the male collector. She does not know by whom the male collector was employed. (Id.) She has no evidence that she spoke to anyone affiliated with MBW. (Turner Dep. 24-25.) Plaintiff associates the two calls she received from the female and the male collector with MBW. (Turner Dep. 25.) Defendant notes that she has no evidence that any other calls were from MBW.

---

[1] Def.'s App. (ECF No. 47 Ex. A.)
[2] Defendant cites Plaintiff's deposition at pages 19-20, where she appears to testify that after the call from the male representative, the calls stopped completely. However, at page 28 of her deposition, she testified that she received two or three more calls after that. The Court must accept this latter testimony as true, drawing all inferences in the light most favorable to Plaintiff as the non-moving party.
[3] ECF No. 47 Ex. C.

2

During her conversation with the female collector, she requested that she be contacted via email. However, during that same conversation, Plaintiff told the female collector to call her the following Monday. (Turner Dep. 19.) Plaintiff only received calls on her cell phone at 412-551-0948. (Turner Dep. 23.) Plaintiff does not recall the specific dates that MBW contacted her. (Turner Dep. 23.) She hung up before the caller could identify whether he or she worked for MBW. She hung up right after the caller advised that the call was to collect on a debt on behalf of Verizon. (Turner Dep. 23.)

Plaintiff asserted that she received 4-5 calls per day from December 2014 to May 2015. She indicated that, at some point, she knew the calls were coming from MBW because a message was left for her with instructions to call MBW back. (Turner Dep. 24-25.)

Plaintiff never sent any letters to MBW. (Turner Dep. 26.) She does not have any recollection of receiving a call from MBW prior to 8:00 a.m. or after 9:00 p.m. (Turner Dep. 28.) Plaintiff testified that the male collector mentioned wage garnishment. (Turner Dep. 30.) Plaintiff testified that the male collector said that if she did not take care of the debt it would go on her credit report. (Turner Dep. 30.)

Plaintiff testified that the male collector said that legal action would be taken if she did not take care of the debt. (Turner Dep. 30.) Plaintiff has no evidence that there was no intent to take legal action by anyone, although she testified that MBW never brought legal action against her. (Turner Dep. 30, 43.)

Plaintiff's cellular phone company did not have any records for the time period requested. (ECF No. 47 Ex. C.) Plaintiff admitted that she did not know how many calls she received from MBW. (Turner Dep. 36.)

Albert Rossman, MBW's Director of Operations for Consumer Collections, states that

the account was not placed with MBW until May 6, 2015; that four calls were made to Plaintiff's phone number of 412-551-0948 on May 12, 2015, May 14, 2015, May 20, 2015 and May 21, 2015; that the calls were made by two women; and that its log reflects these facts. (Rossman Aff. ¶¶ 6-10 & Ex. 1.)

Procedural History

Plaintiff filed this action on June 23, 2015. Federal question jurisdiction is based on the FDCPA claims, 28 U.S.C. § 1331. Count I alleges that Defendant violated §§ 1692c(a)(1) and 1692c(a)(3) by calling her after 9:00 p.m. and by calling her on her cell phone at work after being told that she could not receive personal calls at work. Count II alleges that Defendant violated §§ 1692d and 1692d(5) by calling her multiple times a day over several months and by continuing to call her after being told to stop and to communicate with her only in writing. Count III alleges that Defendant violated §§ 1692e, 1692e(4), 1692e(5) and 1692e(10) by threatening legal action against her and threatening to garnish her wages, actions which it did not intend to take and/or legally could not have taken. Count IV alleges that Defendant violated § 1692f by failing to update its records to restrict calls to her cell phone and only communicate with her in writing.

On October 28, 2016, Defendant filed a motion for summary judgment (ECF No. 44). On November 28, 2014, Plaintiff filed a brief in opposition (ECF No. 48). On December 12, 2016, Defendant filed a reply brief (ECF No. 50).

Defendant argues that: 1) Count I should be dismissed because the undisputed record demonstrates that it did not call her after 9:00 p.m. and it did not call her at work; 2) Count II should be dismissed because the undisputed record shows that it did not call her repeatedly or continuously; 3) Count III should be dismissed because the undisputed record shows that it did

4

not make false, deceptive or misleading representations during calls to her; and 4) Count IV should be dismissed because the undisputed record shows that it did not fail to update its records to restrict calls to her cell phone and only communicate with her in writing.

Plaintiff concedes to the dismissal of Counts I and IV. However, she responds that: 1) the evidence is in dispute as to whether Defendant made repetitive and continuous calls to her with the intent to harass her; and 2) the record is in dispute as to whether Defendant threatened improper legal action and garnishment against her.

In its reply brief, Defendant argues that: 1) Plaintiff's "vague, post-hoc recollections" of being called repeatedly are contradicted by contemporaneous records kept by MBW and do not create a genuine issue of material fact; and 2) her recollection that a male representative threatened to garnish her wages does not create a genuine issue of material fact given that she does not know by whom he was employed and Defendant's uncontroverted records show that no male representative of MBW ever contacted her.

Summary Judgment Standard of Review

As amended effective December 1, 2010, the Federal Rules of Civil Procedure provide that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual

5

record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005); Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

FDCPA Claims

The Court of Appeals has stated that:

> To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015) (quotation omitted). Defendant does not dispute that Plaintiff is a consumer, that it is a debt collector and that it was attempting to collect on a debt owed to Verizon. The fourth prong is disputed: Plaintiff asserts that Defendant violated §§ 1692d, 1692d(5), 1692e, 1692e(4), 1692e(5) and 1692(e)(10) of the FDCPA by calling her repeatedly and continuously (an average of four to five times a day) beginning in December 2014, continuing to call her even after she told MBW to contact her only in writing and threatening garnishment of her wages and legal action against her. Defendant maintains that the only evidence of record demonstrates that none of these allegations are substantiated and that Plaintiff can only point to her own vague, post-hoc recollections, which are insufficient to create a genuine issue of material fact.

6

Count II: Harassing Calls

In Count II, Plaintiff alleges that Defendant violated § 1692d and § 1692d(5) by causing her telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass her. Defendant argues that there is no evidence to support this claim, other than Plaintiff's vague recollections which are contradicted by Defendant's undisputed records.

Section 1692d of the FDCPA makes unlawful "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statue identifies certain conduct that is per se "a violation of this section," including as relevant here, "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Id. at 1692d(5).

Defendant contends that there is no genuine issue of material fact over the number of calls made. Its records demonstrate that it made only four calls to Plaintiff from May 12, 2015 to May 21, 2016, Plaintiff cannot recall how many calls were made or by whom and her own cell phone carrier has no records of the calls.

In Chisholm v. AFNI, Inc., 2016 WL 6901358 (D.N.J. Nov. 22, 2016), the court faced a similar set of facts: the defendant's records (and the plaintiff's own records) demonstrated that Chisholm was called 18 times over a two-week period, but Chisholm testified that he subjectively believed the number was higher. The court stated that:

> In opposition to summary judgment, a party must support its assertion of a genuine dispute of fact by "citing to particular parts of the materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010). "Even a party's sincere belief that an event occurred on a particular date, when confronted by strong, contemporaneous documentation to the contrary, may not suffice to create a genuine issue of fact." Simone v. Narducci, 262 F. Supp. 2d

7

381, 386 (D.N.J. 2003). In this case, Plaintiff's assertions as to the quantity and frequency of calls are supported only by his vague, post-hoc recollections and contradicted by contemporaneous documentary evidence from his own cell phone carrier and from Defendant's contemporaneous telephone logs. Sworn affidavit and deposition testimony, "without substantive documentation of these phone calls," will not do. Derricotte v. Pressler & Pressler, LLP, Case No. 10-1323, 2011 WL 2971540, at *4 (D.N.J. July 19, 2011). The Court finds that Plaintiff's proofs only raise a metaphysical doubt about the number of calls placed by Defendant's representatives, which is simply not enough to create a genuine issue. When plaintiff's testimony is viewed alongside the objective evidence in the record that establishes the number, time, and duration of each call, no rational trier of fact could find for Plaintiff as to a greater number or intensity of calls. As such, the record establishes that Defendant placed only 18 calls to Plaintiff over the course of two weeks, all of which came between the hours of 9:30 a.m. and 7 p.m. and only one of which resulted in voice to voice contact of very brief duration.

Id. at *3.

This case presents an even weaker response to Defendant's evidence: Plaintiff's own testimony is that she believes she received 4-5 calls per day from December 2014 to May 2015 but she does not know if they were from MBW and its records show that the account was not placed with MBW until May 6, 2015; she believes she spoke on two occasions to someone employed by MBW, but one of them was a male representative and MBW states (and Plaintiff has no basis to dispute) that no male representatives of MBW called her; she admits that she does not recall how many calls she received; and the calls ended after she spoke to the male representative. As in the Chisholm case, Plaintiff's vague, post-hoc recollections raise only a metaphysical doubt as to the number of calls placed by Defendant's representatives, which is simply not enough to create a genuine issue of material fact. The record evidence establishes that MBW placed four calls to Plaintiff between May 12, 2015 and May 21, 2015, between the hours of 9:00 a.m. and 6:30 p.m. This amount is far less than the 18 calls that the court found insufficient to violate the FDCPA in Chisholm.

In addition, the court in Chisholm acknowledged that courts generally allow juries to

decide whether a debt collector's conduct is annoying, abusive or harassing. However:

> Courts around the country have held that the number of calls alone cannot violate the FDCPA; a plaintiff must also show some other egregious or outrageous conduct in order for a high number of calls to have the "natural consequence" of harassing a debtor. Turner [v. Professional Recovery Servs., Inc.], 956 F. Supp. 2d [573,] 580 [(D.N.J. 2013)]; see also Shand-Pistilli v. Professional Account Servcs., Inc., Case No. 10-1808, 2011 WL 2415142, at *5 (E.D. Pa. June 16, 2011) (noting that, while "an immediate callback after the debtor has hung up ... may constitute improper harassment, ... [a] debt collector does not necessarily engage in harassment by placing one or two unanswered calls in a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages."); Pace v. Portfolio Recovery Assocs., LLC, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012) ("It has been held that the number of calls, without more, does not constitute evidence of a violation of the FDCPA."); Durthaler v. Accounts Receivable Mgmt., Inc., 854 F. Supp. 2d 485, 491-92 (S.D. Ohio 2012) (granting summary judgment on § 1692d claim where 32 calls were made because "[i]n the instant action, not only were the calls not made continuously or repeatedly, there are also no circumstances indicating the nature or context of calls were harassing."); Carman v. CBE Group, Inc., 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) ("In this case, the Court finds there is no evidence of an unacceptable pattern of calls. The record is lacking any indicia of the type of egregious conduct raising issues of triable fact when coupled with a high call volume."); Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1229 [(E.D. Calif. 2010)] ("None of the egregious conduct identified above is present in this case. Ms. Arteaga presents no evidence that Asset called her immediately after she hung up, called multiple times in a single day, called her place of employment, family, or friends, called at odd hours, or called after she requested Asset to cease calling."); Tucker v. The CBE Group, Inc., 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010) (granting summary judgment on § 1692d(5) claim where Plaintiff alleged violation based only on frequency of calls, noting that "[w]hile the number of calls made during the relevant time period does seem somewhat high, Defendant left only a total of six messages, made no more than seven calls in a single day, and did not call back the same day after leaving a message.")

The nature of the telephone calls in this case does not strike the Court as excessive or harassing: Defendant's representatives never called more than three times in one day, with at least three hours between attempts, each was unanswered, and all during regular business hours between the hours of 9:30 a.m. and 7 p.m.; Plaintiff was not called every day during the relevant time period; only one call resulted in actual voice contact with Plaintiff; the transcript of that call shows that Defendant's representative conducted himself politely and the duration was less than 40 seconds; and Defendant immediately ceased calling Plaintiff upon receiving a letter from his lawyer on May 18, 2015. Plaintiff has pointed to no harassing, threatening or vulgar language.

9

In the present case, no reasonable jury could find that the quantity, frequency, and proximity of the telephone calls demonstrates conduct, the natural consequence of which is to harass, oppress, or abuse the plaintiff under § 1692d. There is no way to interpret these undisputed facts other than to conclude that Defendant's representative was attempting to make normal and permissible contact with Mr. Chisholm regarding his overdue debt to DirecTV. Defendant placed 18 calls over a period of two weeks, of which 17 were unanswered. All were during normal business hours. The single instance of voice contact lasted a matter of seconds before Plaintiff hung up. There was no intemperate or improper language, let alone threats, vulgarity or insistence. There were no back-to-back calls. Defendant's representative immediately heeded Plaintiff's only request to stop calling. The FDCPA was not intended to prevent debt collectors from contacting debtors at all, or to "impose unnecessary restrictions" on ethical collectors. [FTC v.] Check Investors, 502 F.3d [159,] 171 [(3d Cir. 2007)]. By its own terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while insuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692 (emphasis added). The standard for deciding when conduct is harassing, oppressive, or abusive is an objective one, turning on the "natural consequences" of a debt collector's conduct. 15 U.S.C. § 1692d. That Mr. Chisholm now professes to have subjectively felt annoyed by the calls does not change the objective assessment of Defendant's conduct.

In other words, based upon this undisputed evidence the Defendant is entitled to summary judgment as a matter of law. There is no admissible evidence from which a jury could find for Plaintiff under § 1692d or § 1692d(5).

Id. at *3-4.

In this case, the evidence of record demonstrates the extremely limited nature of the actual calls placed by MBW, and although Plaintiff expressed subjective feeling of anger and frustration at receiving these calls (Turner Dep. 43), the evidence of record demonstrates that the one call during which threats were allegedly made was not placed by a representative from MBW. In sum, there is no admissible evidence from which a jury could find that Plaintiff was subjected to harassing conduct in violation of § 1692d or § 1692d(5). Therefore, with respect to Count II, Defendant's motion for summary judgment should be granted.

Count III: False, Deceptive or Misleading Representations

In Count III, Plaintiff alleges that Defendant violated §§ 1692e, 1692e(4), 1692e(5) and

1692(e)(10) by falsely threatening legal action against her and by threatening to garnish her wages, which it could not do as a matter of law. See 42 Pa. C.S. § 8127 (personal earnings exempt from process). She contends that this occurred during two telephone conversations in April 2015. Defendant argues that the only evidence of record precludes any possibility that the threatening calls came from MBW.

Again, the record is not in dispute about this matter. Defendant has proffered evidence that the four calls made to Plaintiff were all placed by women, that they all occurred in May 2015 and Plaintiff does not have any basis to believe that the male representative who called her was employed by MBW. There is no evidence from which a jury could conclude that the call from the male representative, during which she contends threats of legal action and garnishment were made, came from an MBW representative. Nor is there any basis from which a jury could conclude that a call during which threats were made to Plaintiff in April 2015 came from MBW when the debt was not placed with MBW until May 6, 2015. Therefore, with respect to Count III, the motion for summary judgment should be granted.

For all the reasons cited above, it is recommended that the motion for summary judgment filed by Defendant (ECF No. 44) be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by January 12, 2017  Any party opposing the objections shall file a response by January 26, 2017. Failure to file timely objections will waive the right of appeal.

                                                      s/Robert C. Mitchell_____
                                                      ROBERT C. MITCHELL
                                                      United States Magistrate Judge

Date: December 27, 2016